UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RACQUEL BRAMWELL,

                Plaintiff,

        -against-

MONTEFIORE EINSTEIN HOSPITAL,

                Defendant.

25-CV-7148 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

       Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990 ("ADA"), the Family and Medical Leave Act of 1993 ("FMLA"), and the New York State Human Rights Law ("NYSHRL"), alleging that her employer discriminated against her based on her race, color, sex, age, and disability. By order dated September 29, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' to replead her claims in an amended complaint.

**STANDARD OF REVIEW**

       The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings her claims using the court's Employment Discrimination Complaint form. She indicates on the complaint form that she is bringing claims that her employer discriminated against her on the basis of her race, color, sex, age, disability, and with respect to her having taken, or requested to take, family leave. Plaintiff, however, does not allege her race, color or sex, and, in the space on the complaint form to describe her disability or perceived disability, she writes, "10 years."[1] (ECF 1, at 4.) With respect to her age discrimination claim, Plaintiff states that she was born in 1971. Plaintiff further checks off boxes on the complaint form to indicate that her employer terminated her employment, did not promote her, failed to accommodate her disability, retaliated against her, and harassed her or created a hostile work environment. (*See id.* at 5.) Plaintiff alleges no facts about the events giving rise to her claims on the complaint form.

---

[1] According to a document filed by Defendant with the United States Equal Employment Opportunity Commission, Plaintiff also did not specify a disability in that proceeding, other than stating that she "suffers from a qualifying disability." (*Id.* at 40.) That same document indicates that Plaintiff identifies her race as Black.

Plaintiff alleges that she filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on February 14, 2025, and that she received a Notice of Right to Sue from the EEOC on April 8, 2025.

Plaintiff attaches to complaint copies of various documents, including emails with her employer, disciplinary notices, and documents from her proceedings before the EEOC. The following information is taken from those documents. In a March 8, 2022 "Discipline Notice," Plaintiff's employer accused her of "engaging in behavior or using language that reflects a discriminatory perception based on race" as a result of her having "mock[ed]" a manager's Asian accent by saying "Ching, chang, chong, chang wah." (*Id.* at 18.) As a result of that incident, Plaintiff was suspended and required to complete communications training.

In another "Discipline Notice," which is dated April 1, 2024, Plaintiff's employer accused her of having "loud altercation[s]" with several colleagues, and referring to a colleague speaking Spanish as sounding "as if she's in the projects." (*Id.* at 22.) As a result of that incident, Plaintiff's employment was terminated.

Additional documents show that Plaintiff's union challenged her termination as having occurred without just cause in violation of the collective bargaining agreement. (*Id.* at 26.) A Hearing Officer determined, however, that management had "just cause" for terminating Plaintiff. (*Id.* at 29.)

**DISCUSSION**

**A.      Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts

3

all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

The complaint does not comply with Rule 8 because it does not state facts suggesting that Plaintiff is entitled to relief from Defendant. Plaintiff asserts that Defendant discriminated against her in violation of Title VII, the ADA, the Rehabilitation Act, the ADEA, and the FMLA, but, as discussed below, she does not allege any facts in support of these assertions. Accordingly, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to replead her claims in an amended complaint that addresses the deficiencies set forth below.

## B.    Antidiscrimination statutes

Plaintiff attempts to bring employment discrimination claims under Title VII, the ADA, the Rehabilitation Act, the ADEA, and the FMLA. These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

Title VII provides that

> [i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against an employee who has opposed any practice made unlawful by those statutes, or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the statute. *Id.* § 2000e-3(a).

To state a claim under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). A plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Title I of the ADA "prohibits employers from 'discriminat[ing] against a qualified individual *on the basis* of disability in regard to . . . the hiring, advancement, or discharge of employees.'" *Natofsky v. City of New York*, 921 F.3d 337, 346 (2d Cir. 2019) (quoting 42 U.S.C. § 12112(a) (emphasis in original)). The Rehabilitation Act offers similar protections. *See* 29 U.S.C. § 794(a). To state a claim of employment discrimination under Title I of the ADA, a plaintiff must allege:

> (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by [the] employer; (3) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because of her disability.

*Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015).

5

A person is disabled under the ADA if the person (1) has "a physical or mental impairment that substantially limits one or more major life activities," (2) has a history or record of a disability, or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C). 12102(1)(C). The causation standard for employment discrimination claims brought under Title I of the ADA is a "but-for" standard; a plaintiff must allege but for her disability, the defendant would not have discriminated against her. *See Natofsky*, 921 F.3d at 347-50.

The Rehabilitation Act adopts the ADA's definition of "disability" by reference. *See* 29 U.S.C. § 705(20)(B). The pleading standard is largely the same for such a claim under the Rehabilitation Act, *see Davis*, 804 F.3d at 235; *Lyons v. Legal Aid Soc'y*, 68 F.3d 1512, 1515 (2d Cir. 1995*)*; *Rubin v. N.Y.C. Bd. of Educ.*, No. 20-CV-10208 (LGS), 2023 WL 2344731, at *4 (S.D.N.Y. Mar. 3, 2023) – even the "but for" causation requirement is the same for both types of actions, *Natofsky*, 921 F.3d at 345-49. With respect to claims of employment discrimination under the Rehabilitation Act, however, there is an additional requirement that the employer either be a federal executive agency, the United States Postal Service, or receive federal funding. *See Lyons*, 68 F.3d at 1514-15 (quoting 29 U.S.C. § 794(a)).

The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). It also makes it unlawful to retaliate against employees who oppose discriminatory practices barred by the ADEA. *Id.* § 623(d). The statute protects workers who are at least forty years old from discrimination because of their age. *Id.* § 631(a).

To state a claim under the ADEA, a plaintiff must allege that an employer took adverse action because of the plaintiff's age; that is, that age was the reason the employer took an adverse

action. *See Gross v. FBL Fin. Servs.*, 557 U.S. 167, 174, 176 (2009). "Thus, to establish age

discrimination under the ADEA, 'a plaintiff must prove that age was the but-for cause of the

employer's adverse decision.'" *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 302-03

(2d Cir. 2021) (quoting *Gross*, 557 U.S. at 176)).

The FMLA provides that certain eligible employees are "entitled to a total of 12 work

weeks of leave during any 12-month period" for any one of several reasons enumerated in the

Act. *See* 29 U.S.C. § 2612(a)(1). The FMLA covers, among other things, leave that is necessary

"[b]ecause of a serious health condition that makes the employee unable to perform the functions

of the position of such employee." *Id.* § 2612(a)(1)(C). Generally, plaintiffs may assert two

varieties of FMLA claims: interference claims and retaliation claims.

An employee brings an interference claim when the employer has prevented or otherwise

impeded the employee's ability to exercise rights under the FMLA. A retaliation claim involves

an employee actually exercising her rights or opposing perceived unlawful conduct under the

FMLA and, as a result, being subjected to some adverse employment action by the employer.

*Woods v. START Treatment & Recovery Ctrs., Inc.,* 864 F.3d 158, 166 (2d Cir. 2017).

Here, the complaint – including the attachments – includes no facts suggesting that

Defendant discriminated against Plaintiff because of a protected characteristic. Although

Plaintiff invokes numerous antidiscrimination statutes, she does not allege any facts suggesting

that she was discriminated against because of her race, color, sex, age, or disability. Plaintiff also

does not allege any facts suggesting that Defendants violated her rights under the FMLA.

The Court grants Plaintiff leave to replead her claims in an amended complaint that

alleges facts to cure these deficiencies.

C.      **State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims

when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed

the federal claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New

York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522

U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid employment discrimination claim, the Court grants Plaintiff 30

days' leave to amend her complaint to address the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   November 10, 2025
         New York, New York

_____
LOUIS L. STANTON
U.S.D.J.