UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAQUEL S. BRAMWELL,

                    Plaintiff,

          -against-                                    25-CV-7148 (LLS)

MONTEFIORE MEDICAL CENTER,                    SECOND ORDER OF DISMISSAL

                    Defendant.

LOUIS L. STANTON, United States District Judge:

     Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint

alleging that Defendants violated her rights. By order dated November 12, 2025, the court

dismissed the complaint, but granted Plaintiff leave to replead her claims in an amended

complaint. Plaintiff filed an amended complaint on November 19, 2025. The Court dismisses this

action for the reasons set forth below.

**STANDARD OF REVIEW**

     The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

In Plaintiff's original complaint, she asserted claims that Defendant, her former employer, discriminated against her on the basis of her race, color, sex, age, disability, and with respect to her having taken, or requested to take, family leave in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990 ("ADA"), the Family and Medical Leave Act of 1993 ("FMLA"), and the New York State Human Rights Law ("NYSHRL"). Although Plaintiff checked off various boxes on the court's Employment Discrimination Complaint form, she alleged no facts about the events giving rise to her claims. She instead attached to the complaint copies of various documents, including emails between her and her employer, disciplinary notices, and documents from her proceedings before the U.S. Equal Employment Opportunity Commission ("EEOC"). Those documents indicated that Plaintiff was disciplined for mocking an Asian employee's accent and eventually terminated after she had loud altercations with other employees and referred to a colleague speaking Spanish as sounding "as if she's in the projects." (ECF 1, at 22.) By order dated November 12, 2025, the Court summarized the documents attached to Plaintiff's complaint, set forth the legal standards for the claims that Plaintiff invoked, and dismissed the complaint because neither the allegations in the complaint nor the information contained in the attached documents suggested that Defendant discriminated against Plaintiff based on a protected characteristic. (*See* ECF 6.) The Court dismissed the complaint for failure to state a claim on which relief may be granted, but granted Plaintiff leave to replead her claims in an amended complaint that cured the deficiencies identified in that order.

Plaintiff filed an amended complaint on November 19, 2025. (ECF 7.) Like with the original complaint, Plaintiff uses the court's Employment Discrimination Complaint form and

2

checks boxes on the form to assert that Defendant discriminated against her based on her race, color, religion, sex, national origin, age, disability, and for taking or requesting family leave. (*Id.* at 3-4.) Plaintiff identifies her race as Black and her year of birth as 1971, but she does not state her sex, national origin, or disability.[1] (*See id.*) Plaintiff does not allege any facts on the amended complaint form in support of her claims.

Like the original complaint, Plaintiff again attaches numerous documents to the amended complaint, including the charge of discrimination that she filed with the EEOC, documents from an action in the New York state courts in which Plaintiff challenged a decision of the Unemployment Insurance Appeal Board ("UIAB") denying her unemployment benefits, documents from the underlying UIAB proceedings, and documents from internal disciplinary proceedings brought against her by her employer.[2]

The factual allegations contained in the attached documents essentially repeat the allegations included in the original complaint. Plaintiff was accused of making racist statements about other employees, which she alleges she either did not make or that they were misunderstood. (*See id.* at 9.) Documents from Plaintiff's UIAB proceedings indicate that Plaintiff was terminated for misconduct arising from a "discriminatory remark" she made, which Plaintiff challenged on the grounds that her "actions, if substantiated, reflect at most errors in judgment" and that her employer failed to follow its own disciplinary policy by "leap[ing]" from a suspension to discharge "without documented corrective measures in between." (*Id.* at 25.)

---

[1] As in the original complaint, Plaintiff identifies her disability or perceived disability as "10 years ago." (*Id.* at 4.)

[2] Plaintiff also attaches to the amended complaint a full copy of her 46-page original complaint.

**DISCUSSION**

**A.      Claims under federal law**

The Court dismisses Plaintiff's claims under federal law for the same reasons it dismissed those claims in the original complaint because Plaintiff did not cure the deficiencies identified in the Court's November 12, 2025 order of dismissal. Plaintiff does not state a claim under Title VII or the ADEA because she alleges no facts suggesting that Defendant discriminated against her on the basis of her race, color, sex, religion, national origin, or age. Plaintiff alleges no facts at all on the amended complaint form, and the attached documents show that Plaintiff was terminated for making racially discriminatory remarks about other employees. Even if Plaintiff disputes making those remarks or suggests that her remarks were misunderstood, she does not allege any facts suggesting that she was discriminated against based on her race, color, religion, sex, national origin, or age. The Court therefore dismisses Plaintiff's claims under Title VII and the ADEA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

With respect to her disability discrimination claims under the ADA and Rehabilitation Act, Plaintiff references a "qualifying disability," but she does not specify the nature of that disability, or the impact has it has on her major life activities. (ECF 7, at 9.) That deficiency alone defeats her ADA and Rehabilitation Act claims. In her charge of discrimination to the EEOC, Plaintiff asserts that she was "harassed" about her disability (*id.* at 9), but she alleges no specific facts about the nature of the harassment, who harassed her, or when that harassment occurred. The Court therefore dismisses Plaintiff claims under the ADA and Rehabilitation Act for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

With respect to the FMLA, Plaintiff's charge of discrimination includes a single line stating that she was written up for "attendance issues even though she was on approved FMLA."

4

(ECF 7, at 9.) This bare assertion does not cure the deficiencies identified in the Court's November 12, 2025 dismissal order, and is insufficient to state a viable FMLA claim. The Court therefore dismisses Plaintiff's claims under the FMLA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.    Further leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses the amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   March 25, 2026
         New York, New York

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.